HOBSON, Judge.
Petitioner brings this petition for writ of certiorari to review the decision of the Florida Industrial Relations Commission which granted the respondent Fiedler unemployment compensation benefits.
The commission held that Fiedler was not disqualified for benefits under Florida Statute 443.06(4), F.S.A., which in part reads as follows:
“An individual shall be disqualified for benefits:
******
“For any week with respect to which the commission finds that his total or partial unemployment is due to a labor dispute *20 in active progress which exists at the factory, establishment or other premises at which he is or was last employed;
This appeal hinges on the interpretation of the words, “the factory, establishment, or other premises at which he is or was last employed.” The petitioner had a job site on North Belcher Road in Clearwater, Florida at which Fiedler was employed as a union carpenter. Petitioner had other construction job sites besides North Belch-er Road, the locations of which are not clear from the record. All of the petitioner’s job sites were picketed by the Plumbers and Steamfitters Union and Fiedler refused to cross the picket line at the North Belcher site. The picketing ceased at the North Belcher site but continued at all other job sites.
Petitioner contends that the words, “factory, establishment or other premises” contained in the disqualification statute should be interpreted as meaning any of his job sites. In support of his argument petitioner cites Spielmann v. Industrial Commission (1940), 236 Wis. 240, 295 N.W. 1; Mountain States Tel. & Tel. Co. v. Sakrison (1950), 71 Ariz. 219, 225 P.2d 707; and Chrysler Corp. v. Smith (1941) 297 Mich. 438, 298 N.W. 87. The Spielmann, Mountain States and Chrysler cases, supra, are based on the so-called functional integration test. This test is met where there exists a single legal ownership and the different sections are managerially and functionally synchronized and inter-dependent. To put it another way, it is where there exists such a close coordination that the entire organization is considered a single unit or establishment. In the instant case the facts do not meet this test. The record does not show that there is any managerial and functional synchronization and inter-dependence. It does show that the several job sites of petitioner are separated geographically but it does not show the distance of the geographic separation.
Petitioner also cites Matson Terminals v. California Employment Commission (1944), 24 Cal.2d 695, 151 P.2d 202, as authority for its interpretation of the word “establishment.” It is apparent from a reading of the Matson case that the peculiar and unusual facts involved therein control that case. It is not necessary to elaborate on those lengthy and involved facts as the facts of the instant case do not in any way compare with those of Matson, supra.
Respondents contend that the words, “factory, establishment, or other premises” in the instant case should be interpreted to mean the construction site at North Belch-er Road where respondent Fiedler was last employed.
Under the facts as shown by this record we agree with the respondents and the petition for writ of certiorari is
Denied.
LILES, Acting C. J., and MANN, J., concur.